[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The legislature enacted CUTPA prior to its enactment of the Product Liability Act in 1979. "Because § 52-572n was adopted when the CUTPA statutes already existed and the CUTPA cause of action was not expressly precluded in the statute, the court presumes that the legislature did not intend to preclude the joining of a CUTPA claim with a claim under CPLA." Gaetano v.Reich, Superior Court, judicial district of Waterbury, Docket No. 142920 (March 11, 1998, Vertefeuille, J.). See Lynn v. HaybusterMfg., Inc., 226 Conn. 282, 627 A.2d 1288 (1993). See alsoHunnihan v. Mattatuck Manufacturing Company, 243 Conn. 438, 444
(1997) ("[W]e presume that laws are enacted in view of existing relevant statutes . . . and that [s]tatutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law. . ."Id.).
Accordingly, Blocksom Company's motion to strike Count Six of the plaintiffs' complaint on the ground that the Product Liability Act precludes the plaintiffs from asserting a CUTPA claim is denied. CT Page 7326
Blocksom Company argues in the alternative that Count Six should be stricken because the plaintiffs failed to plead a CUTPA claim with the requisite particularity. "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786,797, 631 A.2d 340, cert. Denied, 228 Conn. 903, 634 A.2d 296
(1993).
The plaintiffs allege in Count Six that "the defendant knew or should have known of the defective condition of said mattresses prior to the plaintiff giving notice to Mattress Wholesalers yet the defendant failed to notify buyers, customers and/or consumers who purchased said mattresses and/or recall said mattresses, thereby increasing the plaintiff's injuries and damages." (Complaint, ¶ 9.). Construing the facts alleged in the complaint most favorably to the plaintiffs; Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997); the court finds that the plaintiffs sufficiently allege in Count Six that Blocksom Company acted in an unfair or deceptive manner by failing to recall the defective mattresses when they knew or should have known that the mattresses were defective. See Gaetano v. Reich, supra, Superior Court, Docket No. 142920.
Accordingly, Blocksom Company's motion to strike Count Six is denied on this ground.
By the court,
GILL, J.